FILED
SUPERIOR COURT
OF GUAM

2018 JAN 23 AM 8: 52

CLERK OF COU:
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DUANE PAUL DIEGO,<br><br>                              Petitioner,<br><br>          vs.<br><br>ALBERTO A. LAMORENA V, Director,<br>Guam Department of Corrections,<br><br>                              Respondent. | SPECIAL PROCEEDINGS<br>CASE NO. SP0110-17<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Petitioner Duane Paul Diego's ("Diego") Motion for Appointment of Counsel. Diego currently represents himself *pro se*, and Assistant Attorney General J. Basil O'Mallan III[1] represents Respondent Alberto Tony Lamorena V in his capacity as the Director of Guam Department of Corrections ("Respondent"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

In *People v. Diego*, Superior Court of Guam Criminal Case No. CF0398-17, Diego was found guilty by a jury of his peers to the following charges: (1) First Degree Criminal Sexual Conduct (As a First Degree Felony) – Five Counts; (2) Second Degree Criminal Sexual

---

[1]   Assistant Attorney General James C. Collins was present at the first hearing in this matter on October 6, 2017, and submitted the People's Response to Motion for Appointment of Counsel; however, the Court understands that Attorney O'Mallan will be handling this matter. *See* Resp., Oct. 30, 2017 at 2, fn. 1.

Conduct (As a First Degree Felony) – Five Counts; (3) Third Degree Criminal Sexual Conduct (As a First Degree Felony) – Five Counts; (4) Assault with Intent to Commit Criminal Sexual Conduct (As a Third Degree Felony); (5) Kidnapping (As a Second Degree Felony); (6) Unlawful Restraint (As a Misdemeanor), *as a lesser included offense of* Felonious Restraint (As a Third Degree Felony); and (7) Terrorizing (As a Third Degree Felony). Diego was sentenced to twenty (20) years imprisonment at the Department of Corrections for the First Degree Criminal Sexual Conduct conviction, and all other sentences for the other offenses were subsumed into that amount.

The matter subsequently went on appeal and was affirmed by the Supreme Court of Guam. *See People v. Diego*, 2013 Guam 5. The Supreme Court addressed the following issues: (1) the victim's out-of-court identification via photo array, finding that the photo array was not impermissibly suggestive (2013 Guam 15 ¶¶ 11-21); (2) the kidnapping jury instruction, finding that the instruction contained no error (2013 Guam 15 ¶¶ 22-28); and (3) Diego's Motion for Acquittal, finding that the trial court's denial was proper because a rational trier of fact could have found the essential elements of the charged crimes beyond a reasonable doubt (2013 Guam 15 ¶¶ 29-38).

On August 4, 2017, Diego filed a Petition for Writ of Habeas Corpus, alleging ineffective assistance of counsel during trial and on appeal.

On August 31, 2017, Diego filed a Notice and Motion for Appointment of Counsel, requesting the Court appoint him counsel because he cannot afford counsel and receives no legal assistance. On October 30, 2017, the Government filed a Response to Motion for Appointment of Counsel on behalf of Respondent.

## DISCUSSION

The Local Rules of the Superior Court of Guam provide that the Court is mandated to appoint counsel in certain settings, and has the discretion to do so in other settings. The Court *shall* appoint counsel for a person financially unable to obtain adequate representation who is "entitled to appointment of counsel under the Sixth Amendment to the United States Constitution, or facing loss of liberty and Guam law, the United States Constitution, or the

applicable provision of the Organic Act, require the appointment of counsel." (Misc. R. 1.1.1(a)(4)). The Court *may* appoint counsel for a person who is financially unable to obtain representation who is "seeking collateral relief from a judgment in a criminal matter" or "a person whose rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel." (Misc. R. 1.1.1(b)(2)-(3)).

The Court finds that Diego does not have a mandatory right to counsel in this matter. "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 754 (1991) (citation omitted). "Although the federal Constitution requires that counsel be appointed for indigent criminal defendants when a conviction results in imprisonment, this requirement does not extend, as a federal constitutional matter, to postconviction collateral attacks on a conviction or sentence in state or federal court." *Habeas Corpus Resource Center vs. U.S. Dept. of Justice*, 816 F.3d 1241, 1244 (citing *Alabama v. Shelton*, 535 U.S. 654, 661-62 (2002) and *Pennsylvania v. Finley*, 481 U.S. 551, 555-59 (1987)).

The Court, may, however, use its discretion in appointing counsel for Diego if it believes his rights may be substantially infringed absent legal representation.

> In deciding whether to appoint counsel in a *habeas* proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. These considerations are not separate and distinct from the underlying claim, but are inextricably enmeshed with them.

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (internal citations omitted). Thus, the Court must consider whether Diego's petition has a likelihood of success and whether the facts are simple enough for Diego to argue them *pro se*.

The Court has doubts about Diego's likelihood of success on the merits. To establish ineffective assistance of trial counsel, Diego must show: (1) his counsel's performance was deficient in that it was objectively unreasonable under previous professional norms; and (2) it prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court's review of Diego's Petition presents several claims of ineffective assistance of counsel, including

issues that have already been addressed by the Supreme Court of Guam on Diego's appeal such as GPD's photo line-up identification and the victim's failure to identify him in Court at trial. The remaining issues regard tactical decisions by his trial attorney including the decision not to call a witness, Troy Morrison, to the stand, the quality of his representation prior to and during trial, and allegations that the Office of the Attorney General and GPD failed to preserve evidence. Diego alleges that a surveillance tape recording and the clothing he was wearing were not preserved. (Petition at 3-4). According to the Government, the police reports in Diego's criminal case do not reference any surveillance video and that there was a seven or eight day time span in between when the victim reported the incident on August 12 or 13, 2007, and Diego's arrest on August 20, 2007. (Resp. at 4-5). Thus, any clothing that he was wearing at the time of his arrest would have minimal trace, assuming it was the same clothing worn at the time of the incident. *Id.* It is not clear from the pleadings however, whether Troy Morrison may have been a key witness that was not called, and if this was a strategy decision on the part of Diego's trial counsel.

The Court acknowledges that while the Alternate Public Defender ("APD") may provide information about the extent of the contact(s) Diego had with its office prior to trial or any other issues, the APD attorney that represented Diego at trial, Jeffrey Warfied, no longer resides on Guam, which may make it difficult to corroborate or expand on the information APD has. The Court also acknowledges that while Diego may have received assistance in completing form pleadings in this matter at DOC, he may need assistance in articulating his claims further at court. Therefore, the Court chooses to exercise its discretion and appoint counsel for Diego.

Lastly, the Court must make a determination of financial need before the appointment of counsel pursuant to Misc. Rule 1.1.2.A. On August 4, 2017, the Court granted Diego's Motion to Proceed in Forma Pauperis, finding that Diego is presently indigent. Therefore, the Court finds that Diego meets the prerequisite financial need.

\\

\\

\\

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Diego's Motion for Appointment of Counsel. A Notice of Court-Appointed Counsel will be issued concurrently with this Decision and Order. A Further Proceedings is set for ___FEB 1 6 2018___ at __9:00 am__.

**IT IS SO ORDERED** this 23rd day of January, 2018.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

AG - Asuncion.
Atty Plntff.
Date: 1/23/18 Time: 9:16 am

_____
Deputy Clerk, Superior Court of Guam

Case No. SP0110-17
Decision and Order